# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 570 | **DATE** | April 20, 2001 |
| **CASE TITLE** | *United States of America v. John Serpico, Maria Busillo, and Gilbert Cataldo* | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court denies Defendant John Serpico's Motion to Dismiss the Indictment Based on Pre-Indictment Delay [61-1] and Motion to Dismiss Allegations of Racketeering Acts 16-18 [64-1]. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 2 0 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 94 |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 APR 20 PM 12: 16 | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

DOCKETED
APR 2 0 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA ) | Hon. Blanche M. Manning |
| vs. ) | |
| ) | 99 CR 570 |
| JOHN SERPICO, MARIA BUSILLO, and ) | |
| GILBERT CATALDO ) | |

## MEMORANDUM AND ORDER

This matter comes before this Court on the following motions brought by Defendant John Serpico: (1) Motion to Dismiss the Indictment Based on Pre-Indictment Delay; and (2) Motion to Dismiss Allegations of Racketeering Acts 16-18.

The Government has indicted Defendant Serpico on charges on mail fraud, racketeering, and bank fraud. A complete summary of the factual allegations underlying the indictment is contained in this Court's August 24, 2000 Memorandum and Order denying Defendants' motion to dismiss the indictment, and thus, the Court will not rehash these facts in the instant opinion.

### I. Motion to Dismiss the Indictment Based on Pre-Indictment Delay

The Seventh Circuit has repeatedly held that "statutes of limitations are the primary safeguard of a right to a timely indictment." United States v. Sowa, 34 F.3d 447, 450 (7th Cir. 1994). However, a defendant may also move to dismiss an indictment for pre-indictment delay based on the Due Process Clause. Id. To obtain dismissal under the Due Process Clause, the defendant must show "that the delay caused actual and substantial prejudice to his fair trial rights." Id. The burden to demonstrate "actual and substantial prejudice" is not easily met.

United States v. Canoy, 38 F.3d 893, 902 (7th Cir. 1994). "[A]llegtions of prejudice must be specific, concrete and supported by evidence – vague, speculative, or conclusory allegations will not suffice." Id.

The death of a defense witness during the pre-indictment delay does not automatically result in sufficient prejudice to require dismissal under the Due Process Clause. See United States v. McMutuary, 217 F.3d 477, 482 (7th Cir. 1999). Where the defendant alleges prejudice due to a witness death during the delay, the defendant must show that "the missing witness would have withstood cross-examination, and been a credible witness before the jury." Canoy, 38 F.3d at 902. Moreover, the defendant must show that the deceased witness would have been a "vital defense witness" by providing exculpatory evidence that is not cumulative of evidence offered by other witnesses who are available to testify. McMutuary, 217 F.3d at 482.

In McMutuary, 217 F.3d at 482, the defendant, who was charged with bank robbery, contended that he suffered actual and substantial prejudice when an alibi witness died during the pre-indictment delay. The defendant claimed that the deceased witness would have testified that the defendant did not leave his residence during the day of the bank robbery. Id. The court noted that the deceased witness was not a "vital defense witness" because the witness' testimony would have been "largely cumulative" of another defense witness who testified that she, like the deceased witness, was at home with the defendant during the entire day of the robbery. Id.

Here, Defendant Serpico contends he suffered actual and substantial prejudice when a "crucial witness" by the name of Sherman Carmell died during the pendency of the government's investigation which started in 1992 and concluded in 1999. Mr. Carmell was the attorney for the Midwest Pension Plan ("MPP") and advised the MPP in connection with the Champaign hotel

2

loan which is the basis of one of the "kickback" schemes alleged by the government. Defendant Serpico alleges that Mr. Carmell would have been able to testify as to the following "exculpatory testimony" which would thwart the government's theory that the hotel loan was "speculative" and required too great a percentage of MPP's assets: (1) the trustees "relied on the seasoned advice of Carmell" in voting in favor of the loan; (2) Mr. Carmell hired James Ablan to analyze the hotel loan; (3) Mr. Carmell could have testified about "the various factors he considered" in evaluating and recommending the loan.

The government counters that Mr. Carmell was not a vital defense witness because his testimony would have been cumulative based on the following: (1) Mr. Ablan and his written reports are available at trial regarding his analysis of the hotel loan; (2) the trustees can be called to testify as to what factors they relied on in approving the loan; and (3) there are voluminous loan documents to show the risk of the loan.

Based on the parties' contentions, this Court finds that Mr. Carmell's testimony would have been cumulative and that he would not have been a "vital defense witness." Therefore, this Court holds that Defendant Serpico did not suffer actual and substantial prejudice which is required to dismiss an indictment under the Due Process Clause.[1]

If the defendant makes an adequate showing of "actual and substantial prejudice," the government "must come forward and provide its reasons for the delay." Sowa, 34 F.3d at 451. The court then must balance the reasons for the delay "against the defendant's prejudice to

---

[1] Although this Court finds that actual and substantial prejudice is not present, the Court will nevertheless discuss the second prong of the Due Process pre-indictment delay test which requires this Court to examine the government's reason for the delay in bringing the indictment.

3

determine if the defendant has been denied due process." Id. The government does not have a "heavy burden" in explaining satisfactory reasons for its delay. Id. Generally, if the "cause of the delay is legitimately investigative in nature, a court will not find a due process violation." Id. at 451.

In Sowa, 34 F.3d at 451, the government contended that a four year pre-indictment delay was caused by the difficulty in investigating the crime. The defendant was charged with violating the victim's civil rights when the defendant assaulted the victim based on his race. Id. at 449. The government contended that it was "exceptionally difficult" to obtain evidence against the defendant because: (1) the government had to show that the defendant was the assailant and that the crime was motivated by racial animus; and (2) "virtually all the witnesses were friends of [the defendant]." Id. at 451. After the government completed its investigation, the grand jury returned an indictment within ten months. Id. at 452. Affirming the denial of the defendant's motion to dismiss, the Seventh Circuit held that the delay was "legitimately investigative in nature," and therefore, there was not a Due Process violation. Id.

Similarly, in McMutuary, 217 F.3d at 482, the defendant contended that a pre-indictment delay of five years resulted in prejudice when a defense witness died. The government contended that the delay was necessary because the investigators had to "obtain and analyze bank records, hotel records, credit histories and employment histories." Id. The court also noted that the defendant did not offer any evidence that the delay was pretextual. Id. Thus, the court held that "[t]he cause of the delay can only be characterized as investigatory in nature, and in such cases, we will not find a due process violation." Id. at 483.

Here, Defendant Serpico contends that the delay resulted from the government's

4

negligence. The government, however, argues that the delay was the result of the difficulty in investigating the allegations contained in the indictment. The criminal conduct alleged in the indictment, according to the government, was conducted over twelve years and involved complex financial transactions. The government alleges that because Defendant Serpico controlled the MPP and other related labor organizations at issue, that the government was required to interview hundreds of witnesses and review over 100,000 pages of documents. Consequently, this Court finds that the delay was due to the complexities of the investigation, and therefore, even if actual and substantial prejudice resulted, this Court declines to dismiss the indictment on Due Process Grounds.

## II.    Motion to Dismiss Racketeering Acts 16-18

Defendant Serpico contends that this Court should dismiss Racketeering Acts 16-18 because these acts are barred by an Agreement Regarding the Statute of Limitations that the government and Defendant Serpico entered into in May of 1993 ("the Tolling Agreement"). Acts 16-17 concern checks and cash transactions that Defendant Serpico allegedly conducted on May 14, 1988, while Act 18 involves checks and cash transaction that allegedly occurred on May 16-17, 1988 (collectively, "the May 1988 Transactions"). Defendant Serpico argues that the Tolling Agreement required the government to bring any charges relating to the May 1988 Transactions no later than November 19, 1993. Therefore, because the government did not bring the instant indictment until 1999, Defendant Serpico contends that the Tolling Agreement mandates the dismissal of Acts 16-18.

The government argues that the Tolling Agreement allows the government to bring an indictment relating to the May 1988 Transactions as part of a broad indictment which includes

5

acts other than those which occurred in May 1988. Therefore, the government contends that because Acts 16-18 are part of a broad racketeering conspiracy that expands beyond the May 1988 Transactions, the Tolling Agreement is not violated.

Because neither party has cited any case law to support their respective arguments, this Court looks to the plain language of the Tolling Agreement to determine if Acts 16-18 should be dismissed. Under the Tolling Agreement, Defendant Serpico agreed "to toll, up to and including November 1993, the period for which [he] can be prosecuted for all federal offenses arising from the May 1988 Cash Transaction for which the statute of limitations has not run as of May 19, 1993." In consideration for this agreement, the government "promise[d] not to seek the return of an indictment against [Defendant Serpico] based solely on the charges that would be time-barred in the absence of this tolling agreement." The Tolling Agreement, however, specified that the government "remain[ed] free . . . to seek an indictment against [Defendant Serpico] that includes charges arising from the May 1988 Cash Transactions that would be time-barred in the absence of this agreement, if any such indictment also includes charges against me that do not arise directly from my role in the May 1988 Cash Transactions." The Tolling Agreement further states that "[n]o promises, representations or inducement of any kind other than those contained herein have been made to me or my attorney in connection with this waiver."

Construing the plain language of the Tolling Agreement, this Court finds Racketeering Acts 16-18 constitute racketeering predicates and are part of a broad racketeering indictment that falls outside the scope of the Tolling Agreement. Therefore, this Court holds that the Tolling Agreement does not bar Acts 16-18.

## CONCLUSION

For the foregoing reasons, this Court denies Defendant John Serpico's Motion to Dismiss the Indictment Based on Pre-Indictment Delay [61-1] and Motion to Dismiss Allegations of Racketeering Acts 16-18 [64-1].

**ENTER**

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: APR 2 0 2001