Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 CR570 | DATE | December 30, 2002 |
| CASE TITLE | | *United States v. Seprico* | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court DENIES Defendant Serpico's Motion for Bond Pending Appeal [194-1] and Renewed Motion to Remain Released Pending Bond [234-1]. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 3 0 2002 | |
| | Notified counsel by telephone. | | date docketed | 235 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA | ) | |
| | ) | Hon. Blanche M. Manning |
| v. | ) | |
| | ) | 99 CR 570 |
| JOHN SERPICO, MARIA BUSILLO, and | ) | |
| GILBERT CATALDO | ) | |
| | ) | |

DOCKETED
DEC 3 0 2002

## MEMORANDUM AND ORDER

Defendant John Serpico, pursuant to Federal Rule of Appellate Procedure 9(b) and the Bail Reform Act of 1984 (18 U.S.C. § 3143(b)), has moved this Court for bond pending appeal of his conviction for mail fraud. For the reasons set forth below, this Court DENIES this motion.[1]

## BACKGROUND

A complete summary of the indictment and the facts of this case is contained in this Court's prior opinion, and thus, the Court will only review the facts as they relate to the instant motion for bond pending appeal. Serpico and Co-Defendants Maria Busillo and Gilbert Cataldo were charged with racketeering and racketeering conspiracy (Counts 1-2), mail fraud (Counts 3-9), and bank fraud (Counts 10-11). The indictment alleged that Defendants participated in three schemes to defraud the Central States Joint Board ("CSJB").[2] Under one of the schemes,

---

[1] Serpico initially filed Motion to Remain Released Pending Appeal [194-1], which was not properly noticed before this Court. Subsequently, Serpico filed a Renewed Motion to Remain Released on Bond Pending Appeal [233-1] which was properly noticed before this Court. On November 26, 2002, this Court DENIED the Renewed Motion. This opinion explains this Court's denial in further detail.

[2] The CSJB is a labor organization comprised of several local unions.

Serpico and Busillo, each of whom held influential positions within the CSJB, allegedly used their respective influence to receive favorable personal and business loans from certain banks in exchange for depositing CSJB funds with those banks ("the Loans-for-Deposit Scheme"). Another scheme charged Serpico and Cataldo with defrauding the CSJB by hatching a scheme wherein Serpico used his influence with the CSJB to provide a loan to the developers of a hotel in Champaign, Illinois in return for a kickback which was paid to Cataldo as a ghost employee ("the Hotel Kickback Scheme"). Finally, the Indictment alleged that Serpico and Busillo made false statements to a bank in connection with the purchase of a home on Wagner Road in Glenview, Illinois ("the Wagner Road House Scheme").

At the close of evidence but before final argument, Defendants moved for a judgment of acquittal pursuant to Rule 29. In this Court's July 10, 2001 Memorandum and Order, the Court granted Serpico's motion with respect to Counts One, Two, Ten, and Eleven, granted Busillo's motion with respect to Counts One, Two, and Ten, and denied Cataldo's motion as to Counts Seven to Nine. The following counts were thus submitted to the jury: (1) Counts 3, 5, and 6 against Serpico and Busillo; (2) Count 4 against Serpico; (3) Counts 7, 8, and 9 against Serpico and Cataldo; and (4) Count 11 against Busillo. The jury subsequently found Defendants guilty on all Counts. After denying his post-trial motion for judgment of acquittal, this Court subsequently sentenced Serpico to 30 months imprisonment. Serpico now comes before this Court on the present motion seeking bond pending appeal of his conviction.

## LEGAL STANDARD

The Bail Reform Act of 1984, 18 U.S.C. § 3143(b), governs the issue of release pending appeal by a defendant. The statute provides that a court may allow a convicted defendant to

remain free on bond pending appeal if: (1) the defendant is not likely to flee or pose a danger to the community; (2) the appeal is not for the purpose of delay; and (3) the appeal raises a "substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence that reduces the term of imprisonment." 18 U.S.C. § 3143(b). See also United States v. Ashman, 964 F.2d 596, 598 (7th Cir.1992); United States v. Greenberg, 772 F.2d 340, 341 (7th Cir.1985).

Here, the first two inquiries – likelihood of flight and danger to the community – are not at issue. Thus, the sole contention is whether Serpico has raised a substantial question of law or fact likely to result in reversal, an order for a new trial, or a reduced sentence. Section 3143(b)(1)(B) places the burden on the defendant to show that: (1) the appeal presents a "substantial" issue; and (2) the substantial issue will "likely" affect the validity of the conviction. United States v. Shoffner, 791 F.2d 586, 588 (7th Cir. 1986); United States v. Bilanzich, 771 F.2d 292, 298 (7th Cir. 1985).

An issue is substantial if it presents "a close question or one that very well could be decided the other way." Shoffner, 791 F.2d at 589. While "[t]his standard does not require the district court to predict the outcome of the appeal[,]" United States v. Hattermann, 853 F.2d 555, 557 n. 6 (7th Cir. 1988), the court must find "that the appeal could readily go either way, that it is a toss-up or nearly so." Greenberg, 772 F.2d at 341. This interpretation is based in part on the fact that Congress enacted section 3143(b) in part to reverse the presumption in favor of bail under the Bail Reform Act of 1966 and "gives recognition to the basic principle that a conviction is presumed to be correct." Bilanzich, 771 F.2d at 298.

Next, the defendant must then demonstrate that the substantial issue will likely affect the

3

validity of his conviction. See Shoffner, 791 F.2d at 588; Bilanzich, 771 F.2d at 298. The court therefore "must determine whether a contrary appellate ruling is likely to require a reversal of the conviction or a new trial." Id. The defendant thus must do more than show that an error occurred at trial, the defendant must persuade the court that "the appellate court is more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed." Bilanzich, 771 F.2d at 298.

Following these principles, the court must "return its attention to its own analysis of these issues at earlier stages of the proceedings[,]" Shoffner, 791 F.2d at 589, and provide a statement of its reasons for granting or denying the defendant's motion for bond pending appeal. See United States v. Swanquist, 125 F.3d 573, 575-76 (7th Cir. 1997).

With these principles in mind, the Court now turns to the arguments raised in Serpico's Motion for Bond Pending Appeal.

## ANALYSIS

Serpico contends that his appeal presents substantial questions of law and fact that are likely to result in reversal or a new trial. These issues are the same as the issues that this Court rejected in its November 7, 2001 Memorandum and Order denying Serpico's motion for acquittal and August 24, 2000 Memorandum and Order denying Serpico's motion to dismiss the indictment. Essentially, Serpico contends that he is entitled to bond because the Seventh Circuit could find that: (I) the Loans-for-Deposit Scheme and the Kickback Scheme did not "affect a financial institution," as required by the ten-year statute of limitation period under 18 U.S.C. §3292; (II) the jury's verdict was contaminated by irrelevant and prejudicial evidence relating to cash transactions; and (III) the evidence presented at trial was not sufficient to support a finding

of guilty. The Court will discuss each of these contentions in turn to determine if they present "substantial questions" of law or fact.

I.  **The Schemes Affected Financial Institutions**

As discussed in this Court's November 7, 2001 Memorandum and Order, the statute of limitations for mail fraud is generally five years, unless the "offense affects a financial institution," in which case it is ten years. 18 U.S.C. §§ 3283, 3293. Therefore, to properly convict Serpico, the jury had to find that the Loans-for-Deposit Scheme "affected" Capitol Bank and that the Hotel Kickback Scheme "affected" Mid-City Bank. Serpico contends that the Government failed to meet this burden at trial, and therefore, the evidence at trial does not support the jury's guilty verdict.

Contrary to Serpico's assertion, after examining the evidence at trial, this Court finds that there was sufficient evidence for the jury to find that both schemes affected a financial institution. For example, the evidence showed that in making the loans in the Loans-for-Deposit Scheme, Capitol Bank assumed risks that it would not have assumed otherwise in that the loans did not comply with Capitol's internal loan policies which were instituted to protect the bank from bad loans. Similarly, as discussed in detail in this Court's November 7, 2001 Memorandum and Order, the Kickback Scheme affected Mid-City Bank in that :

> Whether or not the scheme eventually cost the bank, or if the bank was repaid in full, is not material to whether the allegedly fraudulent scheme affected a financial institution. The use of the loan for the kickback was not included in the project budget which was approved by Mid-City. The budget was extremely tight to begin with and the kickback put the bank at risk that the developers would default on the loan and that Mid-City would then lose money.

Accordingly, this Court finds that Serpico has failed to show that whether the schemes affected a

financial institution is a close question which could be decided the other way on appeal.

## II. Admission of Irrelevant and Prejudicial Evidence

Serpico also contends that he is entitled to bond because the Seventh Circuit could find that the jury's verdict was contaminated by irrelevant and prejudicial evidence relating to cash transactions which related solely to the charges on which this Court acquitted him at the close of the evidence at trial. This exact same argument was rejected by this Court in its November 7, 2001 Memorandum and Order. In rejecting this argument, the Court noted that the Seventh Circuit in United States v. Holtzer, 840 F.2d 1343, 1349 (7th Cir. 1988), rejected an identical argument in a multi-count indictment where the defendant was acquitted on some of the counts but convicted on other counts. Serpico has not, however, addressed Holtzer, in the instant motion. Consequently, this Court finds that Serpico has failed to show that whether the jury's verdict was contaminated is close a question which could be decided the other way on appeal.

## III. Sufficiency of Evidence

Serpico further contends that he is entitled to bond because the Seventh Circuit could find that the evidence relating to the Loans-for-Deposit and Hotel Kickback Schemes presented at trial was not sufficient to support a finding of guilty. The sufficiency of the evidence relating to these schemes was extensively discussed in this Court's November 7, 2001 Memorandum and Order. The Court will not reiterate that discussion here, other than to note that there was sufficient evidence for the jury to reasonably find Serpico guilty of both schemes and that Serpico has failed to show that this issue is a close question which could be decided the other way on appeal.

Accordingly, because Serpico has failed to show that there are any "substantial issues" –

e.g., issues which are close questions and could be decided the other way on appeal – this Court DENIES his Motion for Bond Pending Appeal.

## CONCLUSION

For the foregoing reasons, this Court DENIES Defendant Serpico's Motion for Bond Pending Appeal [194-1] and Renewed Motion to Remain Released Pending Bond [234-1]. It is so ordered.

**ENTER**

*[signature]*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

**DATE:** DEC 3 0 2002