Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 570 | **DATE** | August 19, 2003 |
| **CASE TITLE** | *United States of America v. Serpico* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court OVERRULES the Objections [245-1 and 244-1] by Defendants Serpico and Cataldo. Consequently, under the 1990 Guidelines, this Court finds that Serpico has a total offense level of 21 and Cataldo 18. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 21 2003 date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | 250 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 AUG 20 AM 8:25 | date mailed notice | |
| RTS | courtroom deputy's initials | FILED FOR DOCKETING L-03 | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA | ) | |
| | ) | Hon. Blanche M. Manning |
| v. | ) | |
| | ) | 99 CR 570  **DOCKETED** |
| JOHN SERPICO, MARIA BUSILLO, and | ) | |
| GILBERT CATALDO | ) | AUG 21 2003 |
| | ) | |

## MEMORANDUM AND ORDER

This matter comes before this Court on remand for sentencing pursuant to the Seventh Circuit's decision in United States v. Serpico, 320 F.3d 691, 698 (7th Cir. 2003). On July 16, 2001, a jury found Defendants John Serpico and Gilbert Cataldo guilty of mail fraud. Applying section 2F1.1 of the 1990 Sentencing Guidelines, this Court found that Serpico had a total offense level of 19 and Cataldo 16. On appeal, the Seventh Circuit affirmed Defendants' convictions but found that the Hotel Kickback Scheme and the Loans for Deposit Scheme were closer akin to bribery than mail fraud, and therefore, this Court should have sentenced Defendants under section 2E5.1 (which pertains to bribery), instead of section 2F1.1 (which applies to mail fraud).

The United States Probation Office ("Probation") subsequently completed a revised Presentence Investigation Report ("PSR") for each Defendant. Probation calculated the total offense levels for the Defendants using the 1990 United the Guidelines as follows:

| | Serpico | Cataldo |
|---|---|---|
| Base Offense Level (2E5.1(a)(1)) | 10 | 10 |
| Adjustment Based on | 2 | 0 |

750

| | | |
|---|---|---|
| Status as Benefit Plan Fiduciary (2E5.1(b)(1)) | | |
| Adjustment for Value of Loss (2F1.1(b)(1)) | 9 ($363,850-$403,850) | 8 ($333,850) |
| Total Offense Level | 21 | 18 |

Defendants raise two objections to Probation's calculations. First, both Defendants assert that the value of the loss for the Hotel Kickback Scheme should only be $25,000, which is the amount that Cataldo directly "kicked back" to Serpico. This argument, however, was specifically rejected by this Court at sentencing (March 15, 2002 Memorandum and Opinion, at 15-16) and on appeal by the Seventh Circuit – "we reject Serpico's argument that he . . . should only be accountable for the $25,000 that Cataldo kicked back to him." Serpico, 320 F.3d at 697. Accordingly, Defendants' objection as to the amount of loss is overruled.

Second, Cataldo contends that the $25,000 that he kicked back to Serpico was a gratuity, not a bribe. This is an important distinction because section 2E5.1 provides for a base offense level of a 6 for a gratuity but a base offense level of a 10 for a bribe.

To determine whether the $25,000 was a bribe or a gratuity, this Court first examines the Application Notes to section 2E5.1. Note One states that a bribe is "the offer or acceptance of an unlawful payment with the specific understanding that it will corruptly affect an official action of the recipient." A gratuity, in contrast, is "the offer or acceptance of an unlawful payment other than a bribe." Section 2E5.1, App. Note 2.

Here, as discussed in detail in this Court's November 7, 2001, Memorandum and Order, the Government "put forth a litany of circumstantial evidence" showing that the payment of the "kickback" was arranged well before the hotel loan was made. Thus, at the time Serpico

influenced the MPP to make the loan, he and Cataldo had an understanding that part of Cataldo's $333,850 consulting fee, which would be paid with proceeds from the loan, would be "kicked back" to Serpico. Indeed, quoting Application Note One's definition of a bribe, the Seventh Circuit noted that Serpico's arranging the loan in return for the kickback "is closer to bribery than mail fraud." Serpico, 320 F.3d at 698. Accordingly, this Court finds that the "kickback" constituted a bribe not a gratuity and overrules Cataldo's objection on this point.

## CONCLUSION

For the foregoing reasons, this Court OVERRULES the Objections [245-1 and 244-1] by Defendants Serpico and Cataldo. Consequently, under the 1990 Guidelines, this Court finds that Serpico has a total offense level of 21 and Cataldo 18. It is so ordered.

ENTER

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: AUG 1 9 2003